IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS ORLANDO TATE, #180664, ) | |
| a/k/a/ MARCUS ORLANDO TAITE, ) | |
| a/k/a/ DR. ELIJAH J. MUHAMMED, II, ) | |
| a/k/a/ DRELIJAH JOSHUA MUHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-222-WHA |
| ) | [WO] |
| ) | |
| D. T. MARSHALL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Marcus Orlando Tate["Tate"], a state inmate, challenges the conditions of confinement to which he was previously subjected at the Montgomery County Detention Facility. The plaintiff seeks class certification of this action. *Plaintiff's Amendment to the Complaint - Court Doc. No. 3* at 1. The court therefore construes this document to contain a motion to certify class under Rule 23, *Federal Rules of Civil Procedure*. Upon consideration of the motion to certify case as a class action, the court concludes that this motion is due to be denied.

Tate is a a *pro se* inmate unschooled in the law who seeks to represent the interests of all inmates affected by the actions about which he complains. Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Rule

23(a)(4), *Federal Rules of Civil Procedure*. While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1634, he has no concomitant right to litigate the claims of other individuals. The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F.Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981). Moreover, the court finds that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief. Rule 23(b)(1)(A), *Federal Rules of Civil Procedure*. Furthermore, the questions of fact common to proposed class members do not predominate over such questions affecting projected individual members. Rule 23(b)(3), *Federal Rules of Civil Procedure*; *see also England*, 516 F.Supp. 144 (denying *pro se* plaintiffs' request to certify action as a class action finding that "any declaratory relief granted ... would likely inure to the benefit of other similarly-situated individuals" even absent grant of request for class certification). Thus, the plaintiff's motion to certify this case as a class action is due to be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's motion to certify case as a class action be DENIED.

It is further

ORDERED that on or before April 7, 2009 the parties may file objections to this

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of March, 2009.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE